Filed 6/27/23  In re J.S. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re J.S., a Person Coming Under the Juvenile Court Law. | B324825 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> S.S., <br><br> Defendant and Appellant. | (Los Angeles County Super. Ct. No. 20CCJP01104A) |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa A. Brackelmanns, Judge Pro Tempore. Conditionally reversed with directions.

Megan Turkat Schirn, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, and Jacklyn K. Louie, Deputy County Counsel, for Plaintiff and Respondent.

_____

Mother[1] appeals from the October 27, 2022 order terminating parental rights to her son (minor) under Welfare and Institutions Code section 366.26.[2]  Mother's sole contention on appeal is that the juvenile court erroneously failed to ensure compliance with the inquiry and notice requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.).  We conditionally reverse and remand the matter solely for the court to ensure compliance with ICWA and related California statutes.

## FACTUAL AND PROCEDURAL BACKGROUND

The Los Angeles County Department of Children and Family Services (Department) detained minor from mother's custody shortly after birth, and filed a petition under section 300, subdivision (b), alleging that mother's serious mental and emotional problems placed minor at substantial risk of physical harm.  The juvenile court declared minor a dependent.

Mother denied any Indian ancestry, including on an ICWA-020 parental notification of Indian status form, and declined to disclose additional information about her family.  Mother has

_____

[1] The record identifies two alleged fathers, but neither is a party to the current appeal.

[2] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

2

between four and seven siblings, including a twin sister. When mother was a minor, she and her siblings had an extensive child welfare history involving multiple referrals and investigations, a legal guardianship with mother's maternal grandfather (minor's maternal great grandfather) and later a maternal great aunt. Although social workers spoke to maternal aunt, mother's twin sister and later interviewed a maternal great uncle who sought placement of minor, neither relative was asked about possible Indian ancestry.

C.B., an alleged father of minor, claimed possible Cherokee or Blackfoot ancestry, and the court ordered the Department to investigate his claim and report back. The court found ICWA did not apply.

At a permanency planning hearing under section 366.26, the court ordered parental rights terminated. Mother appealed.

## DISCUSSION

"Congress enacted ICWA in 1978 in response to 'rising concern in the mid-1970's over the consequences to Indian children, Indian families, and Indian tribes of abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes.'" (*In re Isaiah W.* (2016) 1 Cal.5th 1, 7.) Both ICWA and California law define an " 'Indian child' " as a child who is either a member of an Indian tribe or is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe. (25 U.S.C. § 1903(4); § 224.1, subds. (a) & (b); see *In re Elizabeth M.* (2018) 19 Cal.App.5th 768, 783.)

California statutory law incorporates the requirements of ICWA, and imposes some additional requirements as well. (*In re Abbigail A.* (2016) 1 Cal.5th 83, 91; *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 741–742.) State law imposes on the Department a first-step inquiry duty to "interview, among others, extended family members and others who had an interest in the child." (*In re H.V.* (2022) 75 Cal.App.5th 433, 438; see § 224.2, subd. (b).) Federal regulations explain that the term "extended family member is defined by the law or custom of the Indian child's Tribe or, in the absence of such law or custom, is a person who has reached age 18 and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 C.F.R. § 23.2 (2017).) The duty of initial inquiry includes making a meaningful effort to interview available relatives. (*In re Y.W.* (2021) 70 Cal.App.5th 542; 552–553.) When there is "reason to believe that an Indian child is involved in a proceeding," further inquiry is also required. (§ 224.2, subd. (e); *In re T.G.* (2020) 58 Cal.App.5th 275, 290, fn. 14.) "We review claims of inadequate inquiry into a child's Indian ancestry for substantial evidence." (*In re H.V.*, at p. 438.)

The Department concedes on appeal that the initial inquiry requirements of ICWA and related state law were not met in this case. Despite contact with mother's twin sister and maternal great uncle, there is no indication in the record that the Department asked either relative about possible Indian ancestry, or sought contact information for any of mother's other siblings or other relatives to inquire into the possibility of Indian ancestry. The Department asks us to conditionally affirm the juvenile court's order terminating parental rights, with instructions

limiting remand of the matter to ordering the juvenile court to ensure compliance with ICWA's requirements.

We agree that the court erred in finding ICWA inapplicable, as the court proceeded in the absence of any evidence that the Department asked available extended family members about the possibility that minor has Indian ancestry, or made a meaningful attempt to locate and interview extended family members. (See, e.g., *In re Y.W.*, *supra*, 70 Cal.App.5th at pp. 552–556; *In re H.V.*, *supra*, 75 Cal.App.5th at p. 438 [prejudicial error when Department fails to discharge its first step duty of inquiry].)

## DISPOSITION

The juvenile court's October 27, 2022 order terminating parental rights under Welfare and Institutions Code section 366.26 is conditionally reversed and remanded for proceedings required by this opinion. The court shall order the Department to make reasonable efforts to interview available extended relatives, including maternal aunt (mother's twin sister), about the possibility of the minor's Indian ancestry and to report on the results of the Department's investigation. Nothing in this disposition precludes the court from ordering additional inquiry of others having an interest in the children. Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the order terminating parental rights is to be reinstated. If additional inquiry or notice is warranted, the court shall make all necessary orders to ensure compliance with ICWA and related California law.

NOT TO BE PUBLISHED.

MOOR, J.

I concur:

RUBIN, P. J.

6

In re J.S.
B324825


BAKER, J., Dissenting


I would affirm because substantial evidence supports the juvenile court's finding that the Indian Child Welfare Act (ICWA) does not apply.  (*In re A.C.* (2022) 86 Cal.App.5th 130, 132 (dis. opn. of Baker, J.); *In re Ezequiel G.* (2022) 81 Cal.App.5th 984; *In re H.V.* (2022) 75 Cal.App.5th 433, 439 (dis. opn. of Baker, J.).)


BAKER, J.